Justin G. Randall, Esq.
Nevada Bar No. 12476
ER INJURY ATTORNEYS
1700 S. Pavilion Center Dr., Ste. 530
Las Vegas, Nevada 89135
Telephone:  (702) 878-7878
Facsimile:  (702) 989-7525
Email: justin@erinjuryattorneys.com
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| KIMBROUGH T. STARKWEATHER, individually; <br><br> Plaintiff, <br> vs. <br><br> ALBERTSON'S LLC; INVESTMENT PROPERTIES ASSOCIATES, LLC; CENTER POINTE PLAZA LLC; INVESTMENT PROPERTIES, LLC; DOES I - X, and ROE CORPORATIONS I - X, inclusive, <br><br> Defendants. | CASE NO. 2:25-cv-00418-DJA <br><br><br> **STIPULATION AND ORDER TO AMEND COMPLAINT** |

COMES NOW, Plaintiff, by and through her counsel of record, JUSTIN G. RANDALL, ESQ., of ER INJURY ATTORNEYS, and Defendant ALBERTSON'S LLC, by and through its counsel of record, JACK P. BURDEN, ESQ. and JAMIE CLARK, ESQ., of BACKUS | BURDEN, and Defendant CENTER POINTE PLAZA LLC, by and through its counsel of record, STEPHANIE ZINNA, ESQ., of OLSON CANNON & GORMLEY, hereby stipulate that Plaintiff may amend the Complaint as set forth in Exh 1.

ER INJURY ATTORNEYS                          BACKUS | BURDEN

/s/ Justin G. Randall_____        /s/ Jack P. Burden_____
Justin G. Randall, Esq. (12476)             Jack P. Burden, Esq. (6918)
1700 S. Pavilion Center Dr., Ste. 530       Jamie Clark, Esq. (16687)
Las Vegas, Nevada 89135                     3050 S. Durango Dr.
*Attorneys for Plaintiff*                   Las Vegas, Nevada 89117
                                            *Attorneys for Defendant Albertson's*

- 1 -

OLSON CANNON & GORMLEY

*/s/ Stephanie Zinna*
Stephanie Zinna, Esq. (11488)
9950 W. Cheyenne Ave.
Las Vegas, Nevada 89129
*Attorneys for Defendant Center Pointe Plaza*

## ORDER

IT IS HEREBY ORDERED that Plaintiffs in the above-entitled matter be granted leave to file the Amended Complaint attached as **Exhibit 1**. **Plaintiff must file and serve their amended pleading. LR 15-1(b).**

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE

DATED: February 12, 2026

Submitted By:

ER INJURY ATTORNEYS

*/s/ Justin G. Randall*
Justin G. Randall, Esq.
1700 S. Pavilion Center Dr., Ste. 530
Las Vegas, Nevada 89135
*Attorneys for Plaintiff*

- 2 -



**Carlene Taylor <carlene@erinjuryattorneys.com>**

---

# Starkweather v. Albertson's, et al.--SAO to Amend Complaint

---

**Stephanie Zinna** <szinna@ocgattorneys.com>        Wed, Feb 11, 2026 at 8:51 AM
To: Justin Randall <justin@erinjuryattorneys.com>, Carlene Taylor <carlene@erinjuryattorneys.com>
Cc: Jack Burden <jackburden@backuslaw.com>

Yes, my e-signature is approved.

**Stephanie Zinna** | Partner
P: (702) 384-4012 | F: (702) 383-0701
szinna@ocgattorneys.com | ocgattorneys.com
9950 W Cheyenne Ave | Las Vegas, NV 89129



CONFIDENTIALITY NOTICE: This email and any attachments may contain confidential or legally privileged information. If you are not the intended recipient, please notify the sender immediately and delete this email.

---

**From:** Justin Randall <justin@erinjuryattorneys.com>
**Sent:** Wednesday, February 11, 2026 8:39 AM
**To:** Carlene Taylor <carlene@erinjuryattorneys.com>
**Cc:** Stephanie Zinna <szinna@ocgattorneys.com>; Jack Burden <jackburden@backuslaw.com>
[Quoted text hidden]

[Quoted text hidden]

 Gmail

**Carlene Taylor <carlene@erinjuryattorneys.com>**

---

## Starkweather v. Albertson's, et al.--SAO to Amend Complaint

---

**Jack Burden** <jackburden@backuslaw.com>             Mon, Feb 9, 2026 at 11:11 AM
To: Carlene Taylor <carlene@erinjuryattorneys.com>
Cc: "szinna@ocgattorneys.com" <szinna@ocgattorneys.com>, Justin Randall <justin@erinjuryattorneys.com>

Please affix my signature

[Quoted text hidden]

# EXHIBIT 1

# EXHIBIT 1

Justin G. Randall, Esq.
Nevada Bar No. 12476
ER INJURY ATTORNEYS
1700 S. Pavilion Center Dr., Ste. 530
Las Vegas, Nevada 89135
Telephone:  (702) 878-7878
Facsimile:  (702) 989-0369
E-mail: justin@erinjuryattorneys.com
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

MICHAEL WADE BRUSH, as Special Administrator of the Estate of, KIMBROUGH T. STARKWEATHER, Deceased;

Plaintiffs,

vs.

ALBERTSON'S LLC; INVESTMENT PROPERTIES ASSOCIATES, LLC; CENTER POINTE PLAZA LLC; INVESTMENT PROPERTIES, LLC; DOES I - X, and ROE CORPORATIONS I - X, inclusive,

Defendants.

CASE NO. 2:25-cv-00418-DJA

**AMENDED COMPLAINT**

Plaintiff complains as follows:

**GENERAL ALLEGATIONS**

1.      The actions complained of herein occurred in Clark County, Nevada.

2.      MICHAEL WADE BRUSH, as Special Administrator of the Estate is, and at all times mentioned here, was, a resident in Nevada.

3.      Defendant ALBERTSON'S LLC is, and at all times mentioned herein, was, a corporation conducting business in Clark County, Nevada.

4.      Defendant INVESTMENT PROPERTIES ASSOCIATES, LLC is, and at all times mentioned herein, was, a corporation conducting business in Clark County, Nevada.

5.      Defendant CENTER POINTE PLAZA LLC is, and at all times mentioned herein, was, a corporation conducting business in Clark County, Nevada.

6.      Defendant INVESTMENT PROPERTIES, LLC is, and at all times mentioned herein, was, a corporation conducting business in Clark County, Nevada.

…

- 1 -

7.    This Court has jurisdiction over this matter under NRS 14.065 and NRS 4.370(1) because the facts alleged occurred in Clark County, Nevada and involve an amount in controversy in excess of $15,000.00.

8.    The true names and capacities of the Defendants designated herein as Doe or Roe Corporations are presently unknown to Plaintiff at this time, who therefore sues said Defendants by such fictitious names.  When the true names and capacities of these defendants are ascertained, Plaintiff will amend this Complaint accordingly.

9.    At all times pertinent herein, Defendants were agents, servants, employees or joint venturers of every other Defendant, and at all times mentioned herein were acting within the scope and course of said agency, employment, or joint venture, with knowledge and permission and consent of all other named Defendants.

10.    On April 15, 2023, Decedent was an invitee of Defendants located at 10250 W Charleston Blvd., Las Vegas, NV 89135 (hereafter the "Property").

11.    Defendants leased, maintained, and were in control of the Property.

12.    While visiting the Property, Decedent tripped and fell on a hole in the concrete at the Property (hereafter the "dangerous condition"), causing Plaintiff serious injuries.

13.    Upon information and belief, Defendants were aware of the hole in the concrete prior to Plaintiff falling.

14.    Defendants should have warned or otherwise made safe the dangerous condition because that condition was non-obvious to Plaintiff.

15.    Defendants negligently, carelessly, and recklessly maintained, constructed and allowed the dangerous condition to exist.

## FIRST CAUSE OF ACTION

### (Negligence Against Defendant ALBERTSON'S LLC)

16.    Plaintiff incorporates paragraphs 1 through 15 of the Complaint as if those paragraphs were fully incorporated herein.

…

- 2 -

17.    Defendants owed Plaintiff a duty of care to warn Plaintiff of the non-obvious and dangerous condition.

18.    Defendants breached this duty of care by failing to warn Plaintiff of the dangerous, non-obvious condition.

19.    Defendants' negligence directly and proximately caused Plaintiff serious injury.

20.    As a direct and proximate result of Defendants' negligence, Plaintiff received medical and other treatments for injuries sustained to her bodily limbs, organs and nervous systems, all or some of which conditions may be permanent and disabling and, all to Plaintiff's damage in a sum in excess of $15,000.00.  Said services, care, and treatment are continuing and shall continue in the future.

21.    As a direct and proximate result of Defendants' negligence, Plaintiff has been required to and has limited certain recreational activities, which have caused, and shall continue to cause loss of enjoyment of life.

22.    Plaintiff has been required to engage the services of an attorney, incurring attorney's fees and costs to bring this action.

### SECOND CAUSE OF ACTION

**(Negligence Against Defendant INVESTMENT PROPERTIES ASSOCIATES, LLC)**

23.    Plaintiff incorporates paragraphs 1 through 22 of the Complaint as if those paragraphs were fully incorporated herein.

24.    Defendants owed Plaintiff a duty of care to warn Plaintiff of the non-obvious and dangerous condition.

25.    Defendants breached this duty of care by failing to warn Plaintiff of the dangerous, non-obvious condition.

26.    Defendants' negligence directly and proximately caused Plaintiff serious injury.

27.    As a direct and proximate result of Defendants' negligence, Plaintiff received medical and other treatments for injuries sustained to her bodily limbs, organs and nervous systems, all or some of which conditions may be permanent and disabling and, all to Plaintiff's damage in a sum in excess of $15,000.00.  Said services, care, and treatment are continuing and shall continue in the future.

28.    As a direct and proximate result of Defendants' negligence, Plaintiff has been required to and has limited certain recreational activities, which have caused, and shall continue to cause loss of enjoyment of life.

29.    Plaintiff has been required to engage the services of an attorney, incurring attorney's fees and costs to bring this action.

## THIRD CAUSE OF ACTION

### (Negligence Against Defendant CENTER POINTE PLAZA LLC)

30.    Plaintiff incorporates paragraphs 1 through 29 of the Complaint as if those paragraphs were fully incorporated herein.

31.    Defendants owed Plaintiff a duty of care to warn Plaintiff of the non-obvious and dangerous condition.

32.    Defendants breached this duty of care by failing to warn Plaintiff of the dangerous, non-obvious condition.

33.    Defendants' negligence directly and proximately caused Plaintiff serious injury.

34.    As a direct and proximate result of Defendants' negligence, Plaintiff received medical and other treatments for injuries sustained to her bodily limbs, organs and nervous systems, all or some of which conditions may be permanent and disabling and, all to Plaintiff's damage in a sum in excess of $15,000.00.  Said services, care, and treatment are continuing and shall continue in the future.

35.    As a direct and proximate result of Defendants' negligence, Plaintiff has been required to and has limited certain recreational activities, which have caused, and shall continue to cause loss of enjoyment of life.

36.    Plaintiff has been required to engage the services of an attorney, incurring attorney's fees and costs to bring this action.

## FOURTH CAUSE OF ACTION

### (Negligence Against Defendant INVESTMENT PROPERTIES, LLC)

37.    Plaintiff incorporates paragraphs 1 through 36 of the Complaint as if those paragraphs were fully incorporated herein.

- 4 -

38.    Defendants owed Plaintiff a duty of care to warn Plaintiff of the non-obvious and dangerous condition.

39.    Defendants breached this duty of care by failing to warn Plaintiff of the dangerous, non-obvious condition.

40.    Defendants' negligence directly and proximately caused Plaintiff serious injury.

41.    As a direct and proximate result of Defendants' negligence, Plaintiff received medical and other treatments for injuries sustained to her bodily limbs, organs and nervous systems, all or some of which conditions may be permanent and disabling and, all to Plaintiff's damage in a sum in excess of $15,000.00.  Said services, care, and treatment are continuing and shall continue in the future.

42.    As a direct and proximate result of Defendants' negligence, Plaintiff has been required to and has limited certain recreational activities, which have caused, and shall continue to cause loss of enjoyment of life.

43.    Plaintiff has been required to engage the services of an attorney, incurring attorney's fees and costs to bring this action.

WHEREFORE, Plaintiff expressly reserving the right to amend this complaint prior to or at the time of trial of this action, to insert those items of damage not yet fully ascertainable, prays judgment against all Defendants, and each of them, as follows:

1.    For general damages in an amount in excess of $15,000.00;

2.    For special damages in an amount in excess of $15,000.00;

3.    For reasonable attorney's fees and costs;

4.    For interest at the statutory rate; and

5.    For such other relief as the Court deems just and proper

ER INJURY ATTORNEYS


By:_____
      Justin G. Randall, Esq.
      Nevada Bar No. 12476
      1700 S. Pavilion Center Dr., Ste. 530
      Las Vegas, NV 89135
      Attorneys for Plaintiff