**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

Michael Wade Brush, as Special Administrator of the Estate of Kimbrough T. Starkweather, deceased,

Plaintiffs,

v.

Albertson's LLC; Investment Properties Associates, LLC; Center Pointe Plaza LLC; Investment Properties, LLC,

Defendants.

Case No. 2:25-cv-00418-DJA

**Order and Report and Recommendation**

Before the Court is Plaintiff Michael Wade Brush, as Special Administrator of the Estate of Kimbrough T. Starkweather, deceased; Defendant Center Pointe Plaza, LLC; and Defendant Albertson's LLC's stipulation for dismissal of this action with prejudice. (ECF No. 43). Each of those parties has consented to the jurisdiction of the undersigned magistrate judge. (ECF No. 40). However, Defendants Investment Properties Associates and Investment Properties, LLC, have not appeared in this action and, therefore, have not consented to the undersigned's jurisdiction. So, the undersigned cannot rule directly on the stipulation to dismiss (ECF No. 43) or Albertson's pending motion for summary judgment (ECF No. 36) which the stipulation will impact. *See Williams v. King*, 875 F.3d 500, 501 (9th Cir. 2017) (explaining that "28 U.S.C. § 636(c)(1) requires the consent of all plaintiffs and defendants named in the complaint—irrespective of service of process—before jurisdiction may vest in a magistrate judge to hear and decide a civil case that a district court would otherwise hear"). The undersigned will therefore order that the Clerk's office randomly assign a district judge to this matter and recommends that the assigned district judge grant the stipulation. *See* Fed. R. Civ. P. 41(a)(1)(A)(ii).

///

///

**ORDER**

**IT IS THEREFORE ORDERED** that the Clerk of Court is kindly directed to randomly assign this case to a district judge.

**RECOMMENDATION**

**IT IS RECOMMENDED** that the stipulation for dismissal with prejudice (ECF No. 43) be **granted** and Albertson's motion for summary judgment (ECF No. 36) be **denied as moot**.

**NOTICE**

Pursuant to Local Rule IB 3-2 any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days after service of this Notice. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985) *reh'g denied*, 474 U.S. 1111 (1986). The Ninth Circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues could waive the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *see Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983); *see Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012).

DATED: October 21, 2026,

DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE